George H. Brunt, CA Bar No. 223457
GeorgeB@leehayes.com
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Fax: (509) 323-8979

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| VERO SOFTWARE INC., an Alabama corporation,<br><br>Plaintiff,<br><br>v.<br><br>AERODYNE PRECISION MACHINING, INC., a California corporation; JASON KRISPEL, an individual; MICHAEL STERGER, an individual; and JOHN DOES 1-10,<br><br>Defendants. | No.  8:19-cv-01734<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, AND PERMANENT INJUNCTION** |

Plaintiff Vero Software Inc. asserts the following claims against Defendants Aerodyne Precision Machining, Inc., Jason Krispel, Michael Sterger, and John Does 1-10.

## NATURE OF THE ACTION

1. Plaintiff Vero Software Inc. ("Vero") is an Alabama corporation and a world renown leader in computer aided design and manufacturing technology.

COMPLAINT - 1

1. Vero develops and licenses software to support design and manufacturing processes for tooling, production engineering, sheet metal, metal fabrication, stone and woodworking industries.

2. Vero's innovative "Edgecam" software affords the production machining market with the power of sophisticated toolpath generation and seamless computer-assisted design integration for milling, turning, and mill-turn machining.

3. Vero's "Surfcam Traditional" software is a powerful intelligent 3D CAM software product for milling, turning, mill-turn machining, multi axis machining, and wire EDM and creates reliable toolpaths with precision and control that achieves the balance between feature sets and ease of use.

4. This is an action against Defendants Aerodyne Precision Machining, Inc., a manufacturing company, its General Manager Jason Krispel, it employee Michael Sterger, and John Does 1-10 (collectively, "Defendants"), for infringing Vero's exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq.*), arising out of Defendants' unauthorized use of two separate versions of pirated Edgecam software and one version of pirated Surfcam Traditional software. Defendants committed willful and blatant acts of copyright infringement by improperly using cracked software without authorization for their own financial gain.

5. Vero sent a cease and desist letter to Defendants in December 2018, demanding Defendants end their unlawful use of the cracked software products and putting Defendants on notice of their violations of federal copyright law. Defendants refuse to come into compliance or remedy their wrongdoing.

6. Vero should be awarded injunctive relief and monetary damages to remedy and redress Defendants' willful piracy of Vero's copyrighted software.

///

## PARTIES

7. Plaintiff Vero Software Inc. ("Vero" or "Plaintiff") is a corporation organized under the laws of the State of Alabama, with its principal place of business at 3800 Palisades Drive, Tuscaloosa, AL 35405.

8. Vero owns and controls the copyrights and exclusive rights in the software it produces and non-exclusively licenses.

9. Specifically, Vero has obtained Certificates of Copyright Registration for its suite of Surfcam Traditional software products, including, but not limited to, Registration Numbers TX 3-668-439 and TX 8-298-429 and for its suite of Edgecam software products, including, but not limited to, TX 4-086-003 and TX 8-732-237 (the "Copyrighted Works").

10. On information and belief, Defendant Aerodyne Precision Machining, Inc. ("Aerodyne"), is a corporation organized and existing under the laws of the State of California, with its registered and principal place of business at 5471 Argosy Avenue, Huntington Beach, CA 92649.

11. On information and belief, Defendant Jason Krispel is the General Manager for Aerodyne and a resident of California.

12. On information and belief, Defendant Michael Sterger is an employee of Aerodyne and a resident of California.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. §§ 501(b) because this is an action arising under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*, seeking damages, injunctive, and other relief.

14. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy is believed to exceed $75,000.

15. This Court has personal jurisdiction over Aerodyne because it is a California corporation with its office and principal place of business in Orange County, California.

16. This Court has personal jurisdiction over Jason Krispel because he resides and works in California.

17. This Court has personal jurisdiction over Michael Sterger because he resides and works in California.

18. Defendants transact, conduct, and solicit business within California and within this judicial district. Defendants committed tortious acts within California and this judicial district. On information and belief, Defendants may own, use, or possess property in California State.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND FACTS

### Plaintiff Vero and its Copyrighted Works

20. Vero is a globally recognized leader in computer aided technology headquartered in Alabama.

21. Planit Software Limited is an entity domiciled in the United Kingdom and the author of many of the Copyrighted Works. Pursuant to a distribution agreement, Planit Software Limited granted Vero exclusive rights to reproduce, distribute, and license the Copyrighted Works in the United States. The rights granted include the right to enforce the copyrights and pursue any available legal remedies against infringers of the Copyrighted Works.

22. Surfware, Inc. was the original owner of the copyright in the Surfcam software. Surfware, Inc. assigned its Surfcam copyright to Surfcam, Inc. in 2013. In 2015, Surfcam, Inc. merged with Vero. On January 19, 2017, Vero registered with the Copyright Office a new version of Surfcam referred to as Surfcam Traditional.

23. Vero owns the exclusive right to reproduce, distribute, and license the Copyrighted Works in the United States. The rights include the right to enforce the copyrights and pursue any available legal remedies against infringers of the Copyrighted Works.

24. Vero licenses its computer-aided software to customers to assist with the operation of Computer Numerical Control ("CNC") machinery. Vero does so in more than 45 countries through its wholly owned subsidiaries and expansive reseller network. Its products are instrumental in addressing the worldwide need for computer-aided software in a large variety of focused manufacturing processes.

25. Vero's Surfcam Traditional suite of software product is a computer-aided manufacturing system that provides an excellent CAM platform, full of functionality to help businesses become even more productive and profitable.

26. Vero's Edgecam suite of software products is a computer-aided manufacturing system for CNC part programming. The Edgecam products allow a customer to choose from a menu of features that best suit its needs for milling, turning, and mill-turn machining.

27. Vero does not manufacture CNC machinery. Although some CNC machinery is designed with integrated operating software, most commercial CNC machinery is separate from the operating software, allowing the machinery owner to select and buy the most appropriate applications to suit its needs.

28. The Surfcam Traditional and Edgecam products allow a customer's computers and CNC machinery to work in tandem in a networked environment, designing, storing, and modifying files, and then using those files to fashion products for sale. Without an operating system like the Surfcam Traditional and Edgecam software, a CNC machine cannot produce custom products for sale like the products Defendant Aerodyne sells to its customers.

29. Defendant Aerodyne touts its business on its website as "a CNC and manufacturing shop that produces high quality, precision parts for the aerospace industry in [its] 20,000 sq. ft. facility located in Southern California."

30. Critical to the success of its business, Vero protects its Copyrighted Works under the terms of an End User License Agreement ("EULA"). The EULA explicitly provides that Vero, as licensor, does not sell its software to its customers.

31. In consideration of a customer's compliance with the terms of the EULA and payment of the license fee, Vero grants its customer, as licensee, a non-exclusive, non-sublicenseable, non-transferable, limited license to install and use the Licensed Materials under the terms of the EULA.

32. The EULA is included as part of the installation process for each version of the Surfcam Traditional and Edgecam software. In turn, a user must agree to the terms of the EULA prior to installation.

33. To safeguard its Copyrighted Works, Vero implements security measures to discover and deter piracy. Specifically, the EULA permits Vero to utilize internal diagnostic tools ("technical protection measures" or "TPM") to detect the installation or use of unauthorized copies of the Copyrighted Works. The EULA also permits Vero to collect and transmit data about the illegal copies.

34. Using the TPM, Vero can monitor usage of its Copyrighted Works. This allows Vero to know if a Surfcam Traditional or Edgecam product was downloaded and installed.

35. Users of the Copyrighted Works consent to the detection and collection of personally identifiable data, as well as transmission and use of that data if an illegal copy is detected.

36. Vero has earned a good reputation by working with its licensees to deliver and maintain excellent solutions at fair prices.

37. Vero offers and sells its Surfcam Traditional and Edgecam product licenses, upgrade licenses, and maintenance support using established price lists.

38. Vero generally licenses its Surfcam Traditional and Edgecam products based on the number of devices the software is deployed to, rather than the number of users. Specifically, the user must acquire a license for each device that has a Surfcam Traditional or Edgecam product installed on it.

39. Vero continually works to improve its suite of Surfcam Traditional and Edgecam products. Customers who utilize maintenance plans with Vero are entitled to new releases of the software products as well as certain updates.

40. Vero requires its new customers to purchase maintenance support plans when its customers purchase a valid Surfcam Traditional or Edgecam license. Customers are not required to, but may purchase additional yearly maintenance support plans.

41. The Surfcam Traditional and Edgecam Copyrighted Works contain materials wholly original to Vero and its licensors and consist of copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. Section 101 *et seq*.

42. Vero has not provided authorization, permission, or consent to Defendants to copy or install infringing copies of Vero's Copyrighted Works, or to exercise any other rights affecting Vero's copyrights with respect to the Copyrighted Works.

**Defendants' Unlawful Conduct**

43. Like all users of Vero's Copyrighted Works, and as a prerequisite to installation, each time a person installs a version of Vero's software, the user is required to accept the terms and conditions of the click-through EULA.

44. Despite Vero's diligence to eliminate piracy affecting the development of new technology and causing significant revenue loss to software companies worldwide, Vero's TMP data capture system revealed that Defendants have engaged in furtive unlawful and infringing conduct.

45. In or around August 2017, Defendant Aerodyne purchased a non-exclusive license to use Vero's Surfcam Traditional software version 2016.1 and a maintenance support plan (the "Licensed Surfcam").

46. Defendant Aerodyne agreed to the EULA when it installed the Licensed Surfcam.

47. In or around December 2018, Vero discovered that Defendants downloaded, installed, and had begun using "cracked" pirated copies of Vero's Edgecam 2018.1 and Edgecam 2018.2 software, rather than purchasing a required license like Vero's other customers. Vero demanded Defendants stop infringing Vero's Copyrighted Works in violation of the EULA and Vero's copyrights on December 11, 2018. Defendants have ignored Vero's demands to cease and desist.

48. Even more egregious, in or around June 2019, Vero discovered that Defendants downloaded, installed, and had begun using a separate "cracked" pirated copy of Vero's Surfcam Traditional 2017.1 software on or around December 20, 2018, <u>after</u> Defendants received Vero's cease and desist letter.

49. Vero's investigation revealed that Defendants downloaded the Copyrighted Works on two different computers identified as "APM-030.aerodyneprecision.local" and "APM-031.aerodyneprecision.local" affiliated with usernames "AERODYNE.Jason" and "AERODYNE.MikeS" affiliated with Internet Protocol addresses 47.151.22.151 and 47.151.7.219.

50. Defendants repeatedly infringed Vero's Copyrighted Works without compensation to Vero and in direct violation of the EULA and federal copyright law.

51. Vero determined that the identified Internet Protocol addresses belong to Defendants.

52. The cost of one stand-alone fully unlocked Edgecam 2018.1 license, one stand-alone fully unlocked Edgecam 2018.2 license, and one stand-alone fully unlocked Surfcam Traditional 2017.1 license totals $156,620.00.

53. Defendants have not paid for or otherwise obtained a license to use the Edgecam Copyrighted Works or a license to use an additional copy of Surfcam Traditional.

54. Without right or authorization, Defendants purchased or obtained and used cracked and/or pirated copies of Vero's Edgecam and Surfcam Traditional software ("Infringing Products"), presumably to use with Defendants' CNC machines at their facility in Huntington Beach, California.

55. Defendants were required to and did accept the EULA by installing the valid Licensed Surfcam and by installing the various Infringing Products.

56. On information and belief, Defendants have accessed the Infringing Products to conduct business.

57. On information and belief, Defendants have used the Infringing Products to create files and/or to manufacture products for which they charge their customers.

58. On information and belief, Defendants have directly profited from their unauthorized and illegal use of the Infringing Products.

59. Defendants knew or should have known installation and use of the Infringing Products violated Vero's copyrights and the EULAs, especially because Defendant Aerodyne was a preexisting Vero customer at the time it began infringing Vero's Copyrighted Works.

60. On information and belief, Defendants Jason Krispel and Michael Sterger knew or should have known the infringing conduct violated Vero's copyrights because each used or had knowledge of the validly Licensed Surfcam software prior to unlawfully using the cracked pirated Infringing Products.

61. Defendants are in willful violation of the law for downloading and using the Infringing Products without valid licenses.

62. Defendants' IP addresses were used to illegally download and use Vero's Copyrighted Works without permission.

63. Defendant Jason Krispel, as General Manager of Aerodyne, has the right and ability to supervise the infringing activity.

64. On information and belief, Defendant Jason Krispel, as General Manager of Aerodyne, has a direct financial interest in the infringing activity.

65. On information and belief, Defendant Jason Krispel and Michael Sterger, as employees and users of the infringing activity, knew or had reason to know of the direct infringement and induced or materially contributed to the infringement.

66. As part of Defendant Aerodyne's purchase of the Licensed Surfcam software, Defendant Aerodyne entered into a valid and binding contract with Vero (i.e., the EULA) related to use of that product and other terms and conditions.

67. The EULA provides that Defendant Aerodyne acknowledges Vero owns the intellectual property rights to its software products and that Defendants are not to access illegal cracked copies of Vero's software.

68. Defendant Aerodyne has directly breached the contract by downloading, installing, and using illegal copies of Vero's Copyrighted Works.

69. Vero's remedy at law is inadequate to compensate it fully for its injuries. Unless enjoined, Defendants' actions will likely continue, causing irreparable damage to Vero. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Vero complete monetary relief for continuing acts damaging Vero's intangible assets and goodwill. Absent injunctive relief, Vero will continue to be harmed by Defendants' infringing activities.

## COUNT I
### Copyright Infringement Against All Defendants
### (17 U.S.C. § 501)

70. Vero incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

71. Vero is the owner of exclusive rights in the Copyrighted Works in and for its Edgecam and Surfcam Traditional products, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. Section 501 *et seq.*

72. Defendants did not have Vero's authorization to install, use, distribute, or copy the infringing Copyrighted Works.

73. Defendants unauthorized actions infringed Vero's exclusive rights granted by the Copyright Act, 17 U.S.C. § 106.

74. Defendants' acts of infringement are willful, in disregard of and with indifference to Vero's rights.

75. On information and belief, Defendants profited by their unlawful actions.

76. As a direct and proximate result of the infringements by Defendants, Vero is entitled to actual damages and Defendants' profits in amounts to be proven at trial.

77. Alternatively, at its election, Vero is entitled to statutory damages, up to the maximum amount of $150,000 per infringing work for Defendants' willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

78. Vero further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

79. As a direct and proximate result of Defendants' acts and conduct, Vero has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will likely continue to infringe Plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

///

# COUNT II

**Vicarious Copyright Infringement**
**Against Aerodyne and Jason Krispel**

80. Vero incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

81. Vero is the owner of exclusive rights in the Copyrighted Works in and for its Edgecam and Surfcam Traditional products, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*

82. On information and belief, Defendant Jason Krispel is the General Manager of Aerodyne.

83. On information and belief, Aerodyne is a California corporation that employs individuals to work at its facility in Huntington Beach, California.

84. On information and belief, Defendants have a direct financial interest in the infringing activity of Aerodyne's employees by profiting from the products made, created, designed, and sold by Aerodyne.

85. On information and belief, Defendant Aerodyne, as employer, and Defendant Jason Krispel, as General Manager, have a right and ability to supervise the infringing activity of Aerodyne's employees.

86. Defendants did not have Vero's authorization to install, use, distribute, or copy the infringing Copyrighted Works, nor to permit or authorize Aerodyne's employees to install, use, distribute, or copy the infringing Copyrighted Works.

87. On information and belief, Defendants failed to stop or prevent Aerodyne employees from installing, using, distributing, and/or copying the Edgecam and Surfcam Traditional Copyrighted Works on computers owned by Defendant Aerodyne.

88. On information and belief, Defendants profited from the direct infringement by Aerodyne's employees by selling products created with the use of the Infringing Products to Aerodyne's customers for Defendants' financial benefit.

89. As a direct and proximate result of the vicarious infringement by Defendants, Vero is entitled to actual damages and Defendants' profits in amounts to be proven at trial.

90. Alternatively, at its election, Vero is entitled to statutory damages, up to the maximum amount of $150,000 per infringing work for Defendants' vicarious infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

91. Vero further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

92. As a direct and proximate result of Defendants' acts and conduct, Vero has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will likely continue to infringe Plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT III

### Contributory Copyright Infringement
### Against All Defendants

93. Vero incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

94. Vero is the owner of exclusive rights in the Copyrighted Works in and for its Edgecam and Surfcam Traditional products, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*

95. On information and belief, Defendant Jason Krispel is the General Manager of Aerodyne.

96. On information and belief, Defendant Michael Sterger is an employee of Aerodyne.

97. On information and belief, Aerodyne is a California corporation that employs individuals to work at its facility in Huntington Beach, California.

98. On information and belief, Defendants each knew or had reason to know of the direct infringement by Aerodyne's employees, and Aerodyne provided the computers, facility, and means by which the employees, including Mr. Krispel and Mr. Sterger, conducted such infringing activity.

99. On information and belief, Defendants induced, caused, or materially contributed to the infringement of Vero's copyrighted software by directly infringing, inducing others to infringe, and/or by providing computers and/or training to Aerodyne's employees to use to infringe Vero's Copyrighted Works.

100. Defendants did not have Vero's authorization to install, use, distribute, or copy the infringing Copyrighted Works, nor to permit or authorize Aerodyne's employees to install, use, distribute, or copy the infringing Copyrighted Works.

101. On information and belief, Defendants failed to stop or prevent Aerodyne employees from installing, using, distributing, and/or copying the Edgecam and Surfcam Traditional Copyrighted Works on computers owned by Defendant Aerodyne.

102. On information and belief, Defendants profited from the direct infringement by Aerodyne's employees by selling products created with the use of the Infringing Products to Aerodyne's customers for Defendants' financial benefit and profit.

103. As a direct and proximate result of the contributory infringement by Defendants, Vero is entitled to actual damages and profits in amounts to be proven at trial.

104. Alternatively, at its election, Vero is entitled to statutory damages, up to the maximum amount of $150,000 per infringing work for Defendants' contributory infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

105. Vero further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

106. As a direct and proximate result of Defendants' acts and conduct, Vero has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will likely continue to infringe Plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

**COUNT IV**
**Breach of Contract**
**Against Aerodyne**

107. Vero incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

108. Defendant Aerodyne entered into a valid and binding contract with Vero for the purchase of a single valid Licensed Surfcam.

109. Under the terms of the EULA, Aerodyne agreed it has no rights in, or to, Vero's software other than the right to use the Licensed Surfcam in accordance with the terms of the EULA.

110. The EULA provides that Defendant Aerodyne acknowledges Vero owns the intellectual property rights to its software products and that Defendants are not to access illegal cracked copies of Vero's software.

111. Defendant Aerodyne has directly breached the contract by downloading, installing, and using illegal "cracked" unlocked copies of Vero's Copyright Works on multiple computers without permission from Vero.

112. Defendant Aerodyne also breached the EULA by using illegal copies of Vero's Copyrights Works without payment to Vero.

113. Vero is entitled enforce the EULA and to applicable damages due to Defendant Aerodyne's breaches.

114. As a result of Aerodyne's breaches, Vero has been damaged and continues to be damaged in an amount to be proven at trial.

# COUNT V
### Permanent Injunction
### Against All Defendants
### (17 U.S.C. § 502(a))

115. Vero incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

116. Defendants repeatedly used "cracked" pirated copies of Vero's Copyrighted Works purchased or obtained from a third party. Defendants have failed to confirm that they will cease using the unauthorized software.

117. After Vero demanded Defendants stop infringing Vero's Copyrighted Works, Defendants infringed a separate cracked version of Vero's Surfcam Traditional software without authorization or payment to Vero.

118. Defendants' blatant disregard for the law shows that they are likely to continue to engage in future wrongful conduct.

119. Vero does not have an adequate remedy at law to guard against future infringement by Defendants.

120. Vero requests a permanent injunction be entered against Defendants prohibiting continued infringement of Vero's copyrights pursuant to 17 U.S.C. § 502(a).

# PRAYER FOR RELIEF

Plaintiff Vero Software Inc. prays for judgment against Defendants and all their affiliates, agents, servants, employees, partners and all persons in active concert or participation with them, for the following relief:

1. Award Plaintiff actual damages and Defendants' profits in such amount as may be found; alternatively, at Plaintiff's election, for maximum statutory damages for each individual act of infringement; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2. Issue an order permanently enjoining Defendants, and all persons acting in concert or participation with them, from infringing any of Plaintiff's exclusive rights under 17 U.S.C. § 106 by using the Copyrighted Works.

3. For treble damages, costs and prejudgment interest, and for such other amounts as may be proven at trial or as otherwise provided by federal or state law.

4. For Plaintiff's attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505 and common law or statutory rights.

5. For damages as a result of Defendant Aerodyne's breach of the EULA between Aerodyne and Plaintiff.

6. For other and further relief, in law or in equity, to which Plaintiff may be entitled or which the Court deems just and proper.

Respectfully submitted this 11th day of September, 2019.

By: /s/ George H. Brunt
George H. Brunt, CA Bar No. 223457
GeorgeB@leehayes.com
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256

*Attorney for Plaintiff*